### SANDY RAMSEY V. THE STATE.

*No. 808.    Decided December 8.*

1. **Receiving Stolen Property from a Thief Who is Under Sixteen Years of Age—Penalty—House of Correction, etc.**—Article 743, Penal Code, provides, that a person who receives and conceals stolen property, knowing it to have been stolen, "shall be punished in the same manner as by law the person stealing the same would be liable to be punished." Theft of property over the value of $20 is "punished by confinement in the penitentiary not less than two nor more than ten years." Under the statute now in force fixing the punishment of minors in the house of correction and reformatory, it is provided, that a minor under 16 years of age, if the punishment assessed against him be five years or less, shall be confined in said reformatory instead of the penitentiary, "provided the jury convicting shall say, by their verdict, whether the convict shall be sent to the reformatory or the penitentiary." Gen. Laws 21st Leg., p. 97, sec. 12. *Held,* even under the latter law, a minor under 16 years "is liable to be punished from two to ten years in the penitentiary for felonious theft. *Held, further,* that the intent of article 743 was clearly to provide, that the person convicted for receiving stolen property should receive the same punishment as if guilty of its theft. *Held, further,* that the fact that a youthful thief may be confined in the house of correction rather than in the penitentiary proper, at the discretion of the jury, does not affect the guilt nor penalty to be suffered by the adult receiving the stolen property.

2. **Same—Construction of Statute.**—It was not intended by the Act of 1889, establishing the house of correction and reformatory, in any manner to affect the penalty for receiving stolen property imposed by article 743, when the person violating that act is over 16 years of age.

3. **Same—Charge of Court.**—On a trial for receiving stolen property, where it appeared that the thief from whom it was received was under 16 years of age, accused

being over that age, *Held*, that the court, without any reference to the law regulating punishment in the house of correction, etc., should, as to the penalty, have simply instructed the jury that, if guilty, defendant's punishment should be fixed at not less than two years nor more than ten years. See charge quoted which, in effect, told the jury to fix accused's punishment at five years in the penitentiary, or acquit.

APPEAL from the District Court of Fayette. Tried below before Hon. H. TEICHMULLER.

This appeal is from a conviction for receiving stolen property over the value of $20, knowing the same to have been stolen, the punishment assessed being eight years in the penitentiary.

The indictment alleged, that one Zennie Moore fraudulently took from one R. J. Moore money in bills aggregating $50 in value, and that thereafter appellant fraudulently received the same from Zennie Moore, knowing it to have been stolen.

R. J. Moore testified, that one twenty-dollar bill, two ten-dollar bills, and two five-dollar bills, aggregating $50, were stolen from his vest pocket, hanging in his bedroom, on Friday night, May 26, 1893. That his son, Zennie Moore, who was 12 years of age, admitted to him that he (Zennie) had taken the money and had given it to defendant, Sandy Ramsey, who was a man over 21 years of age. That $10 of the money had been returned to him by a constable, who had arrested defendant.

Zennie Moore testified: "On the 26th day of May, 1893, I got $50 from the pocket of the vest of my father, as it was hanging behind the door of his room. Sandy Ramsey had sometime before this told me if I would get some money from the pocket of my father that he (Sandy) would leave the country with me and carry me where the home folks could not find me. On the night of the 26th of May, 1893, Sandy Ramsey, in pursuance to the understanding we had, came up to my house. I went out to the road to him, and gave him the money I had taken from the pocket of my father. Sandy took the money and placed it in an envelope he took from his pocket. He told me to meet him at Winchester the following day, and he would assist me to flee the country. I went to Winchester as directed, and he there gave me $2 at Mr. A. Ephraim's store. The money I got consisted of one twenty, two ten, and two five-dollar bills, and they were of the value of $50. I took the money at night, without my father's knowledge or consent. The next morning I first admitted the theft to my mother, and then to my father."

Other witnesses testified to seeing defendant with money, and A. Ephraim testified to his having changed a twenty-dollar bill for defendant.

No briefs have come to the hands of the Reporter.

HURT, PRESIDING JUDGE.—Appellant was convicted of fraudulently receiving stolen property of the value of $20, and his punish-

ment fixed at eight years in the penitentiary. We will only notice one question. This is a new and novel one. The property was stolen from R. J. Moore by his son Zennie, who was only 12 years old, and fraudulently received by "Sandy," a man over 21 years of age. Upon the question of penalty the court instructed the jury: "A person convicted of fraudulently receiving stolen property is to be punished in the same manner as by law the person stealing the same would be liable to be punished. Any person guilty of theft of property over the value of $20 is punished by confinement in the penitentiary for a term not less than two nor more than ten years; but persons less than 16 years of age are to be confined in the reformatory, or house of correction, unless the jury assess their punishment by confinement for a period longer than five years. You are instructed, that if you convict defendant you are to assess his punishment by confinement for a term not less than two nor more than ten years. But if you should assess his confinement for a period of five years or less, such punishment can not be enforced, because he is to be confined in the same manner as by law the person stealing the property would be liable to be punished. The defendant, if convicted, and if the jury should assess his confinement for a term of five years or less, can not be confined, under the law, in the reformatory; and hence could not be punished at all. If you find the defendant guilty, but that he does not deserve punishment by confinement for a longer term than five years, you will acquit him. The law confers upon the jury the discretion and power to graduate the punishment at from two to ten years' confinement in order to enable them to inflict punishment according to the nature and degree of guilt as it appears to them from all the facts and circumstances of the case. This purpose should guide you in returning the amount of punishment of defendant, if you find him guilty." This is a novel view of the law. Article 743, Penal Code, provides, that if any person shall fraudulently receive stolen property, etc., "he shall be punished in the same manner as by law the person stealing the same would be liable to be punished." Theft of property of the value of $20 and over is "punished by confinement in the penitentiary not less than two nor more than ten years." Penal Code, art. 735. The law now in force with reference to the confinement of youths in the house of correction provides as follows: "When, upon the trial of any person in this State of a felony, it is found by the verdict of the jury that the defendant is not more than 16 years, and the verdict of conviction is for confinement for five years or less, the judgment and sentence of the court shall be, that the defendant be confined in the house of correction and reformatory, instead of the penitentiary, for the term of his sentence," etc.; "provided, the jury convicting shall say in their verdict whether the convict shall be sent to the reformatory or the penitentiary." From this condition of the law the learned trial judge holds, that the person guilty of theft, being under 16 years of age, would have to be confined in the house of cor-

rection if his punishment should be assessed at five years or less; and appellant, by the law, being subject to the same punishment, would have to be sentenced to confinement in the house of correction if his punishment were fixed at five years or less, and that this sentence could not be enforced; hence he would escape. The jury, in effect, are instructed to acquit, unless they fix the punishment at over five years' confinement.

That provision of the law above quoted making it discretionary with the jury whether the convict under 16 should be sent to the reformatory or to the penitentiary was evidently overlooked by the trial judge; for in his charge he is made to say and to hold that such person, under the age of 16, shall be confined in the reformatory when his punishment is fixed at five years or less. This is not correct. Such person, though under the age of 16, is "liable to be punished" by confinement in the penitentiary, and if guilty of theft—a felony—is "liable to be punished" by confinement in the penitentiary not less than two nor more than ten years; and appellant, by statute, was subject to this same punishment—confinement in the penitentiary not less than two nor more than ten years. The statute fixing the penalty for fraudulently receiving stolen property provides, as above quoted, that such person "shall be punished in the same manner as by law the person stealing the same would be liable to be punished." We have seen that such person, though under 16, is "liable to be punished" by confinement in the penitentiary for any term of years not less than two nor more than ten. True it is, that the thief, if under 16, is also liable to be confined in the reformatory; but the person receiving the property, if over 16, is not subject to this latter, and it would be a fearfully strained construction for us to hold that it was intended that such person's punishment should be conditioned upon the fact that the jury might see proper to confine the young thief in the penitentiary instead of the reformatory. That would change the statute so as to make the receiver of stolen property subject to be punished in the same manner as the thief is punished. Taking all of the provisions of the law into consideration, we would be bound to hold that the appellant, if guilty, was to be punished by confinement in the penitentiary not less than two nor more than ten years. This would be our construction if all these provisions of the law were contemporaneous; and, when the history of the law providing for the State reformatory is remembered, the intent of the Legislature is clear. At the time of the enactment of article 743, Penal Code, punishing the fraudulent reception of stolen property, theft of property of $20 and over was punishable (as it is now, for that matter) by confinement in the penitentiary. The reformatory was not then in existence, and there was no law by which youthful offenders guilty of a felony could be confined elsewhere than in the penitentiary.

It is very clear, then, that it was the intent of the lawmakers, by article 743, to provide, that the punishment for fraudulently receiving

stolen property should be the same as that for the theft; that is to say, that the person convicted of receiving stolen property should receive the same punishment as if guilty of its theft. This idea the language used clearly conveyed at the time of its enactment. The question arises, did the Legislature, by the act providing for the confinement of youths in the house of correction, affect the law fixing the punishment for receiving stolen property? We think not. Although this act provides that youthful offenders may be confined in the house of correction, none of the penalties affixed to felonies are in any manner altered or changed, but they are still left punishable by confinement in the penitentiary. The penalty affixed by the code for theft—a felony—is still confinement in the penitentiary, and this, too, whether the offender be under or over 16 years. The object of article 743 was to make the fraudulent reception of stolen property punishable as theft of such property. The fact that by a later law the youthful thief may be confined in the house of correction, rather than in the penitentiary proper, at the discretion of the jury, does not affect the guilt nor the penalty to be suffered by the adult receiver of the fruits of the theft. If the statute providing for the reformatory has the effect given it by the trial judge, by the same process of reasoning would not this result also follow? A person under 16, if guilty of theft—a felony—may be punished by confinement in the reformatory; the person guilty of receiving such property, though over 16, is to be punished in the same manner. Therefore, a person over 16 may be confined in the reformatory. This, it seems to us, is the more logical conclusion of the two; and such a construction would be giving effect to article 743, and would be in fact subjecting the violation of that article to the same punishment to which the person guilty of theft is liable. But the answer to this is the same. It was not intended by the reformatory act in any manner to affect the penalty to article 743. When the person violating that article is over 16 years of age, he is to be confined in the penitentiary; when under 16, he may be confined either in the reformatory or penitentiary. The person violating that article is still to be punished as originally intended, in the same manner as if guilty of theft. In the view of the law taken by the trial judge, if the thief be over 16, and the receiver of the property under that age, the latter could not be punished if his confinement were assessed at less than five years, because he would not be subject to the same punishment as the thief—the youth being subject to the reformatory, the thief to the penitentiary. This is a result which we would not tolerate, unless it were the inevitable result of the condition of the law. The view of the law which we have announced is consistent with the history of the various provisions considered, gives effect to them all, and is clearly the intent of the Legislature. The charge quoted in effect told the jury to fix appellant's penalty at five years, or acquit. The jury, believing him guilty, saw no way to make him pay the penalty, except to make the term over five years, and they very promptly gave "Sandy"

the necessary time. The charge of the court upon the question of penalty should have been that, if guilty, defendant's punishment should be fixed at not less than two nor more than ten years in the penitentiary.

For this error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

SIMKINS, Judge, absent.